# EXHIBIT A

Case 3:13-cv-00357-CSH   Document 1-1   Filed 03/14/13   Page 1 of 13

# SUMMONS - CIVIL

JD-CV-1   Rev. 9-12
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

See page 2 for instructions

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| | |
|---|---|
| ☐ | "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. |
| ☐ | "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. |
| ☒ | "X" if claiming other relief in addition to or in lieu of money or damages. |

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington St., Hartford, CT 06106 | ( 860 ) 548-2877 | March 26, 2013 |

| | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|
| ☒ Judicial District   ☐ G.A. Number: | Hartford | Major: C   Minor: 90 |
| ☐ Housing Session | | |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Sarah Poriss, Attorney at Law, LLC | 420966 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 860 ) 593-1758 | |

Number of Plaintiffs: 2    Number of Defendants: 1    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: MADSEN, Charles<br>Address: 15922 Stornoway Dr., Spring, TX 77379 | P-01 |
| Additional Plaintiff | Name: MADSEN, Helen<br>Address: 15922 Stornoway Dr., Spring, TX 77379 | P-02 |
| First Defendant | Name: RBS Citizens, N.A.<br>Address: c/o agent for service Corporation Service Company, 50 Weston St., Hartford, CT 06120 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left<br>Sarah Poriss | Date Signed<br>02/08/2013 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

ATTEST: A TRUE COPY
BRIAN FRANCIS ZITO
CONNECTICUT STATE MARSHAL
CONSTABLE INDIFFERENT PERSON

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
Jeffrey Olgin, Esq., 74 Rose Hill Rd., Branford, CT 06405

| Signed (Official taking recognizance; "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Date<br>02/08/2013 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| | |
|---|---|
| **RETURN DATE: MARCH 26, 2013** | **SUPERIOR COURT** |
| **CHARLES MADSEN AND HELEN MADSEN** | **JUDICIAL DISTRICT OF** |
| | **HARTFORD** |
| v. | |
| **RBS CITIZENS, N.A. fka CITIZENS AUTOMOBILE FINANCE, INC.** | **FEBRUARY 8, 2013** |

**COUNT I**

1. Plaintiffs Charles Madsen and Helen Madsen are natural persons currently residing in Texas.

2. Defendant, RBS Citizens, N.A. ("Citizens"), is a Rhode Island corporation that provides financing for the purchase of automobiles, among other services; upon information and belief, RBS Citizens, N.A. is successor in interest to Citizens Automobile Finance, Inc.

3. In or about November, 2004, the Plaintiffs entered into an installment loan contract with Citizens to purchase a 2004 Chevrolet Cavalier ("the Vehicle").

4. Plaintiffs made regular payments under the installment loan contract until August, 2006, when they requested a payoff amount from Citizens. On August, 16, 2006, they paid off the loan in full.

5. On August 17, 2006, Citizens mailed Plaintiffs a letter stating, in relevant part, the following: "Congratulations! We are pleased to inform you that the above referenced account is now 'PAID IN FULL'."

6. On August 21, 2006, Citizens mailed Plaintiffs another letter confirming that the account was paid in full and enclosed the title to the Vehicle.

7. On or after August 28, 2006, Citizens mailed Plaintiffs a check for $370.00, explaining the check was for overpayment. As Plaintiffs had paid off a second vehicle that was also financed through Citizens, at the same time they paid off the loan for the Vehicle, and the check was made out to Plaintiffs, they deposited the check.

8. On November 20, 2006, Citizens mailed Plaintiffs a letter stating that the $370.00 check was mailed to them in error. This was the first notice Plaintiffs received of any error and Citizens did not provide Plaintiffs any opportunity to return the payment.

9. The November 20 letter stated the following:

> "We have reopened your Auto Loan and increased the principal effective November 20, 2006 by $370.00, the amount of the check sent to you in error. By increasing the principal as of November 20, 2006, you will receive the benefit of the lower principal balance between August 31, 2006 and November 20, 2006."

10. On November 30, 2006, Citizens mailed Plaintiffs a letter titled Notice of Default and Intent to Repossess. The letter itemized an amount past due and late charges, and stated that if the amount past due was not paid, Citizens may elect to repossess the vehicle. Citizens sent this letter although it did not have any right to repossess as it had released the lien on the vehicle in August, 2006 and returned the title to Plaintiffs.

11. On December 8, 2006, Citizens sent Plaintiffs a bill for $374.41 itemized as $155.40 for "principal", $1.89 interest, $2.02 "fees", and a past due amount of $215.10.

2

12. Plaintiffs disputed this information directly to Citizens, and filed a complaint with the Connecticut Department of Banking, but despite these efforts, Citizens failed and refused to close the "account".

13. Pursuant to Connecticut law, C.G.S. §§ 36a-771 and 784, retail installment sales contracts must be in writing. Plaintiffs' contract with Citizens, entered into in November, 2004, was in writing. That contract was cancelled and the account closed in August, 2006, after Plaintiffs paid the installment loan in full. When Citizens "reopened" the "Auto Loan" in November, 2006, it did not provide Plaintiffs anything in writing, in violation of the statutes cited above.

14. On or about February 1, 2007, Plaintiffs obtained copies of their credit files from the three major credit reporting agencies, Equifax, Experian and Trans Union.

15. The credit files revealed that Citizens reported the subject account as up to 60 days late and with a status of "charge off," and reported a charge off amount of $340. The Citizens account was the only account on both of Plaintiffs' credit files to have a negative reporting history.

16. Plaintiffs wrote to the three major credit reporting agencies to dispute the way Citizens was reporting the account. Upon information and belief, the credit reporting agencies notified Citizens of Plaintiffs' disputes.

17. In response, Citizens reported to the credit reporting agencies that it was reporting the account information correctly.

18. The credit reporting agencies provided Plaintiffs with updated credit files that continued to show the Citizens account as a charge off.

19. Plaintiffs subsequently consulted with a mortgage broker as they planned to relocate. The mortgage broker informed Plaintiffs that but for the negative information reported by Citizens, they would qualify for the best mortgage rates currently available on the market. The broker informed Plaintiffs that as long as the Citizens information remained on their reports, they would only qualify for sub-prime mortgage interest rates.

20. Plaintiffs also learned through a credit score watch program that the Citizens account information was seriously negatively impacting their credit scores.

21. Citizens is a furnisher of information to consumer reporting agencies as contemplated by the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2.

22. Citizens' failure to properly investigate Plaintiffs' disputes when requested to do so by the credit reporting agencies, and failure to report that Plaintiffs disputed the credit information it was reporting to the credit reporting agencies violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). Further, Citizens' failure to correct the disputed information and its continued inaccurate reports to the credit reporting agencies constituted willful and negligent violations of the FCRA, § 1681s-2(b).

23. Citizens' reports of inaccurate information regarding the account to third parties caused Plaintiffs to sustain harm to their credit reputation and suffer other adverse action.

24. Citizens' reports of inaccurate information regarding the account to third parties also constituted libel.

25. After sending Plaintiffs a refund in error, Citizens unfairly and unlawfully reopened a new installment loan account, charged Plaintiffs late fees and interest on the account, threatened to repossess Plaintiffs' vehicle in which it had no continued security interest, and reported the account as past due and charged off to the three major credit reporting agencies. These actions constitute unfair and deceptive trade practices in violation of Connecticut law, the installment loan contract, and in violation of the covenant of good faith and fair dealing.

26. Citizens' actions caused Plaintiffs to suffer harm to their reputation, stress, aggravation and frustration. Citizens failed to provide Plaintiffs the opportunity to repay Citizens without penalty. Citizens failed and refused to admit its error in opening a new installment loan account and failed to correct its reporting of the account to third parties.

27. Citizens penalized Plaintiffs for its own error and failed and refused to cooperate with their disputes of the charges when investigated by the Department of Banking and the three major credit reporting agencies.

28. In addition to the above, Citizens continued to dun Plaintiffs by phone for the debt, despite the fact that the debt was not permitted by contract or by law, in violation of the Creditors Collection Practices Act, C.G.S. § 36-645 and the regulations promulgated thereto.

29. Citizens' actions caused Plaintiffs to sustain an ascertainable loss, including but not limited to, loss of credit reputation among current and future creditors, and stress, aggravation, frustration and fear that Citizens would attempt to repossess their vehicle.

25. Citizens actions as described above constituted unfair trade practices, for which they could claim their actual damages, punitive damages, attorneys fees and costs.

26. In 2007, Plaintiffs retained counsel and contacted Citizens Auto Finance in order to resolve their dispute, relaying the above facts and claims to Citizens. Without having to file a civil action, Citizens Auto Finance settled the Plaintiffs' claim. Through this process, Plaintiffs learned that the $370 "overpayment" was actually due to another customer paying his or her own car payment through Citizens' online system or through an online bill pay system, and paid Plaintiff's account instead of his or her own account, resulting in an 'overpayment' on Plaintiffs' loan account.

27. As part of the settlement, Citizens agreed to a cash payment to Plaintiffs, to cancel any and all claims against Plaintiffs for repayment of the $370, to instruct all consumer reporting agencies to delete any reference to the account in their files, and to cease any and all collection activity with regard to the account.

28. Nevertheless, Citizens continues to report the unpaid $370 account to the credit reporting agencies with a derogatory status and has failed to cease collection efforts with regard to the account, including but not limited to the following:

   A. In September, 2010, Plaintiffs received a letter from a debt collector called Richard J. Boudreau & Associates in an attempt to collect the unpaid balance; counsel for Plaintiffs had to contact multiple Citizens representatives to about the issue with the debt collector and remind Citizens' representatives that sending the account to collection and continuing to report the account to the credit bureaus was in breach of the settlement agreement;

B. On March 2, 2011, Plaintiffs obtained copies of their credit reports and the Citizens account was still appearing and reporting as a "charge off"; the credit reports indicated that Citizens had last reported the account in January, 2011;

C. Plaintiffs obtained their credit reports again in November, 2011 and the account was reporting as "legally paid in full for less than full balance", which constitutes a derogatory status.

D. In January, 2012, Plaintiffs disputed the derogatory Citizens account to the credit reporting agencies; in response, Citizens verified that the information as correct and the derogatory account information remained on their reports.

E. In May, 2012, Plaintiffs applied for another auto loan and were denied due to a delinquency reporting in their credit history; the only derogatory item in their credit history was the continued reporting of the account by Citizens;

F. Plaintiffs obtained their credit reports again in June, 2012 and the account was still reporting as "legally paid in full for less than full balance".

G. In December, 2012, Plaintiffs applied to refinance their mortgage but were denied due to derogatory information in their credit files; the only derogatory item in their credit history was the continued reporting of the account by Citizens.

29. Citizens' continued reporting of the account to the credit reporting agencies in any way constitutes a breach of the settlement agreement entered into by Citizens.

30. Plaintiffs seek their damages for Citizens' breach.

**COUNT II**

1- 30. Plaintiffs herein incorporate paragraphs 1-30 of Count I.

31. Citizens' continued reporting of the account to the credit reporting agencies after receiving Plaintiffs' disputes in 2011 and 2012 that the account should no longer be reported constituted negligent and willful violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2.

32. Plaintiffs attempted to obtain prime market rates for auto loans and home mortgages subsequent to disputing the Citizens account to the credit reporting agencies but have been denied these rates or have been denied credit altogether based on the Citizens information on their Plaintiffs' credit reports.

33. Citizens violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), when it failed to properly investigate Plaintiffs' disputes when requested to do so by the credit reporting agencies, and failed to report that Plaintiffs disputed the credit information it was reporting to the credit reporting agencies.

34. Citizens' failure to correct the disputed information and its continued inaccurate reports to the credit reporting agencies constitute willful and negligent violations of the FCRA, § 1681s-2(b).

35. Citizens' reports of inaccurate information regarding the account to third parties caused Plaintiffs to sustain harm to their credit reputation and suffer other adverse action.

36. For its violations of 15 U.S.C. § 1681s-2(b), Citizens is liable to Plaintiffs under 15 U.S.C. § 1681n for actual damages or damages of not less than $100 and not more than $1,000,

punitive damages in such amount as the Court may allow, costs and reasonable attorneys' fees; and under 15 U.S.C. § 1681o for actual damages, costs and reasonable attorneys' fees.

**COUNT III**

1-30. Plaintiffs herein incorporate paragraphs 1-30 of Count I.

31. Citizens provided inaccurate account information regarding Plaintiffs to consumer reporting agencies. Citizens knew or should have known that the consumer reporting agencies would publish this information in their reports of Plaintiffs' credit information.

32. Citizens furnished the information regarding the account to consumer reporting agencies and continued to do so even after Plaintiffs disputed the debt.

33. Potential creditors used the information provided by Citizens to consumer reporting agencies in evaluating Plaintiffs' creditworthiness.

34. Based on the inaccurate and derogatory information provided by Citizens, Plaintiffs learned that their credit reputation was seriously impaired and they would likely have to pay thousands of dollars more in interest on a mortgage than if Citizens was reporting the account correctly.

35. Citizens' publication to third parties of the inaccurate information regarding Plaintiffs constitutes libel *per quod*, and is liable to them for their damages.

**COUNT IV**

1-30. Plaintiffs herein incorporate paragraphs 1-30 of Count I.

31. Citizens' continued reporting of the account information as derogatory to the credit reporting agencies and Citizens' continued attempts to collect the alleged balance on the account

through debt collectors constitutes a violation of the Creditors Collection Practices Act, C.G.S. § 36-645 ("CCPA") and the regulations promulgated thereto.

32. Citizens' actions caused Plaintiffs to sustain an ascertainable loss, including but not limited to, loss of credit reputation among current and future creditors, and stress, aggravation, and frustration as a result of Citizens' refusal to remove the account from their credit files.

33. Citizens is liable to Plaintiffs for their damages, including statutory damages, actual damages and attorney's fees and costs as a result of its violations of the CCPA.

**COUNT V**

1-30. Plaintiffs herein incorporate paragraphs 1-30 of Count I

31. Citizens' actions as described above are unfair and deceptive, and caused Plaintiffs to sustain an ascertainable loss.

32. Citizens' actions as described above are so extreme and outrageous as to merit an award of punitive damages.

33. Citizens is liable to Plaintiffs for its unfair trade practices, including actual damages, punitive damages, attorneys fees and costs.

WHEREFORE, the Plaintiffs seek to following:

1. Damages in an amount in excess of $15,000;
2. Damages pursuant to C.G.S. § 36a-645 et seq and the regulations promulgated thereto;
3. Damages pursuant to 15 U.S.C. § 1681 *et seq;*
4. Damages pursuant to C.G.S. 42-110 *et seq.;*
5. Attorney's fees and costs;
6. Such other relief as the Court may find appropriate.

PLAINTIFFS, CHARLES MADSEN AND
HELEN MADSEN

By: _____
Sarah Poriss, Attorney at Law, LLC
2074 Park St.
Hartford, CT 06106
Tel. (860) 593-1758  Fax (866) 424-4880
Juris No. 420966

ATTEST: A TRUE COPY

BRIAN FRANCIS ZITO
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

11